NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOWNSHIP OF SADDLE BROOK,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA et al.,<br><br>Defendants. | Civil Action No.: 09-2373 (JLL)<br><br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court on a motion to dismiss Plaintiff's Complaint filed by Defendants the United States of America and the United States Army Corps of Engineers (collectively the "Government"). Plaintiff's Complaint asserts the following claims against the Government: (1) negligence, (2) breach of contract, and (3) bad faith related to alleged contractual promises. Jurisdiction is premised on the Federal Tort Claims Act, 28 U.S.C. § 1346(b). The Court has considered the submissions in support of and in opposition to the motion and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons discussed below, the Government's motion is granted in part and denied in part.

I.  BACKGROUND

Plaintiff asserts that "[t]he Saddle River is under the management and exclusive control of the Defendant, the United States of America, and is managed by its agent, the United States Army Corps of Engineers." (Compl. ¶ 2.) As a result, it alleges that "the Army Corps of

Engineers makes all decisions pertaining to the control, maintenance, repairs, and management of this body of water." (Id.) Plaintiff alleges that "[f]looding often occurs in the lower Saddle River Basin" causing millions of dollars of damage to it. (Id. at ¶¶ 3,6.) Plaintiff further states that "Defendants are well aware that the Saddle River is in need of extensive flood control" and alleges that on numerous prior occasions over the years the Government has promised to "remedy the flooding issues," but, to date, has failed to take the necessary actions to control the flooding. (Id. at ¶¶ 5, 17.)

The Government presently moves to dismiss Plaintiff's breach of contract and bad faith claims based on a lack of jurisdiction of this Court pursuant to the Tucker Act. The Government moves to dismiss Plaintiff's negligence claim against it as barred by the Flood Control Act of 1928, 33 U.S.C. § 702c, or, alternatively, for failure to exhaust administrative remedies.

## II. DISCUSSION

### A. Contract Claims

Plaintiff asserts two contract based claims against the Government: Count 2, breach of promise, and Count 4, bad faith based on a breach of promise. "Jurisdiction over non-tort monetary claims against the United States is exclusively defined by the Tucker Act, as codified at 28 U.S.C. §§ 1346, 1491, because it is only under the terms of the Tucker Act that the United States waives its sovereign immunity to non-tort claims seeking monetary relief." Chabal v. Reagan, 822 F.2d 349, 353 (3d Cir. 1987); see also Dia Navigation Co. v. Pomeroy, 34 F.3d 1255, 1267 (3d Cir. 1994). For contract claims against the United States where the claimant is seeking more than $10,000 in damages, jurisdiction "vests exclusively in the [Federal] Claims Court." Chabal, 822 F.2d at 353 (citing 28 U.S.C. § 1491).

Plaintiff's Complaint seeks millions of dollars of damages. Therefore, pursuant to the Tucker Act, this Court finds that it lacks subject matter jurisdiction over Plaintiff's contract claims against the Government, Counts 2 and 4. In its opposition brief, Plaintiff does not make an argument in favor of this Court's jurisdiction over these claims. Instead, Plaintiff requests that, if this Court finds the Tucker Act applicable, the case be transferred to the United States Court of Federal Claims and not simply dismissed. However, Plaintiff's *case* may not be transferred as Plaintiff's negligence claim against the Government may not be brought in the Federal Claims Court. See Del Rio v. United States, 87 Fed. Cl. 536, 540 (2009). Therefore, the question is only whether the contract claims should be dismissed or transferred.

28 U.S.C. § 1631 provides, in part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought . . . .

After a review of Plaintiff's allegations, which involve a persistent flooding issue in the Saddle River Basin and alleged unfulfilled promises by the Government, this Court finds that the interests of justice weigh in the favor of transfer. Therefore, Plaintiff's contract claims against the Government, Counts 2 and 4, will be transferred to the United States Court of Federal Claims.

     B.     **Negligence Claim**

The FTCA waives sovereign immunity for specific tort claims and is the means by which plaintiffs can sue the United States for negligence. See, Miller v. Phila. Geriatric Ctr., 463 F.3d 266, 270 (3d Cir. 2006). Under the FTCA, a suit is precluded "against the United States unless the claimant has first presented the claim to the relevant Federal agency and the claim has been

finally denied." Lightfoot v. United States, 564 F.3d 625, 626 (3d Cir. 2009) (citing 28 U.S.C. § 2675(a) which sets forth the FTCA's exhaustion requirements). Additionally, because the FTCA's exhaustion requirement is jurisdictional, Plaintiffs must meet this requirement for the Court to exercise subject matter jurisdiction over their claims. See Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003). The Code of Federal Regulations sets forth the specific presentment requirements:

> For purposes of the provisions of . . . [section] 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident . . . .

28 C.F.R. § 14.2. Plaintiff, as the party who has invoked federal jurisdiction, has the burden of establishing that such jurisdiction exists. See Lightfoot, 564 F.3d at 627.

Plaintiff does not make any allegations in its Complaint that it exhausted its administrative remedies. Additionally, in its opposition brief, it does not assert that it completed and presented an SF-95 form. Instead, it asserts in its opposition brief that it presented its claim by letter dated June 4, 2007, to the Chief Counsel for the New York District for the Army Corps of Engineers. Plaintiff did not provide any specific details regarding the content of the letter and did not provide a copy to the Court. The Court requested a copy of the letter. In a supplemental submission to the Court, Plaintiff provided a letter dated May 10, 2007, sent to various employees of the Army Corps of Engineers in New York and Washington, D.C. The additional submission notes that reference to a June 4 letter in the opposition brief was in error. The question, then, is whether the May 10 letter is sufficient to qualify as a notice of claim pursuant to section 2675. This Court finds that it is not.

To be sufficient, any presented claim must contain "a claim for money damages in a sum certain." 28 C.F.R. § 14.2. Even if the letter could be construed as making a claim on the government, the letter does not request a sum certain in damages for failure to comply with the demand made in the letter. Plaintiff states in its opposition that its Complaint states an amount of damages. But, this is insufficient; a claim stating a sum certain must be presented *before* filing of a claim. See 28 C.F.R. § 14.2; Medina v. City of Philadelphia, 219 Fed. Appx. 169, 173 (3d Cir. 2007) (unpublished) (citing 28 U.S.C. § 2675 and finding the "attaching [of] an administrative claim to a Complaint filed with the District Court" insufficient "to satisfy the FTCA's presentment requirement"). Therefore, Plaintiff's negligence claim is dismissed without prejudice for failure to exhaust administrative remedies. Because this Court dismisses Plaintiff's negligence claim against the Government, it does not address the Government's alternative argument that it is barred by the Flood Control Act.

## III. CONCLUSION

For the foregoing reasons, the Government's motion to dismiss Plaintiff's Complaint is granted in part and denied in part. Plaintiff's negligence claim against the Government, Count 1, is dismissed without prejudice for failure to exhaust administrative remedies, and Plaintiff's contract claims against the Government, Counts 2 and 4, are transferred to the United States Court of Federal Claims. An appropriate Order accompanies this Opinion.

DATED: January 19, 2010          /s/ Jose L. Linares
                                 JOSE L. LINARES
                                 UNITED STATES DISTRICT JUDGE